# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**SAMMY QUINTANA**,
on behalf of himself and all
similarly situated plaintiffs,

    Plaintiff,

vs.                                                                                          No. CIV-08-00184 MCA/RHS

**TUCUMCARI POLICE DEPARTMENT
OFFICERS STRAND, ADAMS, HUFFMAN,
and SERGEANT P. LOPEZ;
TUCUMCARI POLICE DEPARTMENT;
STATE POLICE OFFICERS CHACON & BELL;
FARON SEGOTTA, CHIEF OF THE NEW MEXICO
STATE POLICE**; and all individual officers and agents
of the Tucumcari Police Department and New Mexico
Department of Public Safety,

    Defendants.

## MEMORANDUM OPINION AND ORDER REMANDING CASE

This matter comes before the Court on Plaintiff Sammy Quintana's unopposed *Motion to Remand to Tenth Judicial District Court of New Mexico*, filed February 26, 2009 [Doc. 28], pursuant to 28 U.S.C. § 1367(c)(3), which provides that the Court "may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction."  The Court, having considered the parties' stipulations and the relevant law, and otherwise being fully advised in the premises, concludes that the motion should be GRANTED.

  Quintana filed his three-count complaint on January 25, 2008 in the Tenth Judicial District Court in Quay County, New Mexico, alleging that state law-enforcement officers unlawfully seized cash belonging to him and violated state law when they transferred the cash to the federal government for forfeiture.  Count I alleged conversion under state law; Count II alleged violation

of the New Mexico Constitution and the New Mexico Forfeiture Act; and Count III alleged a claim for violation of the federal constitution under 42 U.S.C. § 1983 against the Tucumcari Police Department.

The Defendants removed the case to the United States District Court on February 21, 2008 based on federal-question jurisdiction.  On May 13, 2008, the parties voluntarily stipulated to dismissal with prejudice "of all claims against Defendants State Police Officers Chacon & Bell; Faron Segotta, Chief of the New Mexico State Police, and all individual officers and agents of the New Mexico Department of Public Safety" pursuant to FED. R. CIV. P. 41(a)(1)(ii).  Doc. 12 at 1.  The remaining parties filed motions for summary judgment.  *See* Docs. 15, 17.  Quintana requests judgment only on the remaining state-law claims and the Defendants seek summary judgment on all claims.

On February 26, 2009, Quintana notified the Court and opposing counsel that "he does not oppose the Defendants' Motion for Summary Judgment to the extent that it seeks dismissal of Plaintiff's claim alleged in Count III of Plaintiff's Complaint (Municipal Liability Claim under 42 U.S.C. Sec. 1983)." Doc. 27 at 1.  Quintana concurrently sought remand of the case for resolution of the remaining state claims.  The Defendants filed a written response stating that they do not oppose remand if it is based on voluntary dismissal of Count III of the Complaint as stated in Quintana's notice.  *See* Doc. 29.

The Court construes Quintana's "*Notice of Consent to Defendants' Motion for Summary Judgment on Count III of Plaintiff's Complaint*" [Doc. 27] as a notice of voluntary dismissal with prejudice of his federal constitutional claims against the Tucumcari Police Department under FED. R. CIV. P. 41(a)(1)(A)(ii) (providing that a plaintiff may voluntarily dismiss a claim without obtaining a court order if he obtains a stipulation of dismissal by all parties).  The Court accepts the

2

Defendants' statements regarding that notice of dismissal in their *Response to Plaintiff's Motion to Remand Case to Tenth Judicial District Court of New Mexico* [Doc. 29] as a formal stipulation to the voluntary dismissal of the federal claim.  And because Quintana's federal claim has been dismissed such that the federal question upon which removal was properly based no longer exists, and the values of convenience, fairness, and comity weigh in favor of remand, the Court will remand the pendent state-law claims over which it had supplemental jurisdiction to state court under 28 U.S.C. § 1367(c)(3).  *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 348 (1988) (holding that "a district court has discretion to remand a removed case to state court when all federal-law claims have dropped out of the action and only pendent state-law claims remain"); *Pacificare of Okla., Inc. v. Burrage*, 59 F.3d 151, 152-53 (10th Cir. 1995) (holding that the district court had discretion to remand pendent state-law claims to state court after dismissing the federal claim on which it based its removal jurisdiction); *New Mexico v. Gen. Elec. Co.*, 335 F. Supp. 2d 1157, 1175 (D.N.M.2003) ("[W]here state law claims are removed to federal court, the presence of federal claims . . . provides the basis for supplemental jurisdiction over state law claims which were plainly part of the same controversy.  And when the federal claims . . . are dropped from the case, the district court still ha[s] power under 28 U.S.C. § 1367 to exercise supplemental jurisdiction.");16 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 107.14[3][b][ii], at 107.86-86.21 (3d ed. 2008) (noting that "[t]he plaintiff may dismiss the federal claims on removal and then move to remand" subject to FED. R. CIV. P. 41); *Baddie v. Berkeley Farms, Inc.*, 64 F.3d 487, 490-91 (9th Cir. 1995) (holding that, because "[a] plaintiff is entitled to file both state and federal causes of action in state court[, t]he defendant is entitled to remove[, and t]he plaintiff is entitled to settle certain claims or dismiss them with leave of the court," the plaintiff may "then choose between federal claims and a state forum" by amending the complaint to no longer include "their federal claims and mov[ing] for remand with

3

all due speed after removal").

**IT IS, THEREFORE, ORDERED** that the Plaintiff's *Motion to Remand* [Doc. 28] is GRANTED and that this case is REMANDED to the Tenth Judicial District Court, Quay County, New Mexico.

**SO ORDERED** this 3rd day of March, 2009, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
United States District Judge